## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00875-KDB-DCK

| | |
|---|---|
| JARIN M. WRAY,<br><br>**Plaintiff,**<br><br>v.<br><br>TIDAL MUSIC AS, ET AL.,<br><br>**Defendants.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Block, Inc., Tidal Music AS, and LinkedIn Corporation's Motions to Dismiss (Doc. Nos. 4, 25) and Plaintiff's Motions for Default Judgment against LinkedIn Corporation and Twitter, Inc. (Doc. Nos. 15, 16). The Court has carefully considered these motions and the parties' briefs and exhibits. Because Plaintiff has failed to properly serve the moving Defendants and alleges without factual support the violation of only criminal statutes for which there is no private right of action, the Motions to Dismiss will be **GRANTED**. The Court will also exercise its sua sponte authority to **DISMISS** Plaintiff's claims against the remaining Defendant Twitter for the same reason. Finally, the Motions for Default Judgment will be **DENIED** as moot.

## I.    LEGAL STANDARDS

**A. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *Hubbs*

1

*v. City of Charlott*e, No. 3:25-CV-00069-KDB-DCK, 2025 WL 2608662, at *1–2 (W.D.N.C. Sept. 9, 2025), citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *Id.*; *see also, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### B. Rules 12(b)(4) and (12)(b)(5)

Prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.*, 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State*

*Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

**C. Rule 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a

motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, a *pro se* complaint, as here, must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Finally, although Plaintiff is not proceeding *in forma pauperis*, every filing in this Court is subject to review pursuant to the inherent authority of this Court to confirm that a plaintiff has standing and the case is not frivolous. *See Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012); *Ferguson v. Wooton*, 741 F. App'x 955 (4th Cir. 2018) (explaining that "[f]rivolous complaints are subject to dismissal pursuant to the district court's inherent authority, even when the plaintiff has paid the filing fee" and that "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint"); *Aalaam v. Graham*, No. 5:24-CV-00226-KDB-SCR, 2024 WL 4536478, at *1 (W.D.N.C. Oct. 21, 2024); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–364 (2d Cir. 2000). "[I]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith." *Brown v. Maynard*, No. L–11–619, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011) (citing cases). Therefore, a court has "the discretion to

dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous." *Id.*

## II.    FACTS AND PROCEDURAL HISTORY

On October 30, 2025, pro se Plaintiff Jarin Wray filed the Complaint against Tidal Music AS; Block, Inc.; Twitter, Inc. / Twitter Enterprises, Inc.; and LinkedIn. (Doc. No. 1). Plaintiff asserts claims against all Defendants for (i) "False Statements" under 18 U.S.C. § 1014, (ii) "Bank Fraud" under 18 U.S.C. § 1344, (iii) "Major Fraud Against the United States" under 18 U.S.C. § 1031, and (iv) "Laundering of Monetary Instruments China Owned / Shell Companies" under 18 U.S.C. § 1956. (*Id*. at 3). The Complaint's factual allegations, in their entirety, are as follows:

> The companies were engaged in fraud schemes with China. In connection with 3:25CV-00656, Apple, Tesla, Amazon & Meta, and other associated lawsuits, business entity analysis was conducted on LinkedIn as the company permanently banned my account after 2-post "EVER" about RTX China fraud with law enforcement on the posts. Analysis continued to Tesla, Apple, Amazon, and Meta, major U.S. companies around the White House. Musk now owns X (Twitter), which was owned by Jack Dorsey (Block), who bought Tidal from Jay Z for $297M.

(*Id*. at 4). Plaintiff seeks an "immediate payment of $50M," along with other relief. *Id*. Subject matter jurisdiction is predicated on the Court's federal question jurisdiction under 28 U.S.C. §1331.

On December 2, 2025, Defendants Block and Tidal Music filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On January 13, 2026, Plaintiff filed a "Summons Returned Executed," claiming that service was effectuated on LinkedIn on November 10, 2025. (Doc. No. 14). LinkedIn states that it never received the service documents and therefore did not respond to the Complaint. (Doc. No. 26 at 2). On March 16, 2026, Plaintiff filed Motions for Default Judgment against LinkedIn and Twitter, Inc. (which was not included in Plaintiff's "Summons Returned Executed" filing). (Doc. No. 16). No entry of default was entered.

5

On March 27, 2026, counsel for Twitter filed a Notice of Appearance and Twitter filed a response in opposition to the Motion for Default Judgment. (Doc. Nos. 17, 20). On April 14, 2026, LinkedIn filed its counsel's Notice of Appearance, an opposition to the Motion for Default Judgment and a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(6).

All motions have been fully briefed and are ripe for the Court's ruling.

### III. DISCUSSION

The first issue before the Court is whether Defendants have been properly served, which of course must occur before the Court can exercise personal jurisdiction over them. Defendants Twitter and LinkedIn argue that Plaintiff has failed to properly effect service for numerous reasons. The Court agrees that proper service has not been made.

Under Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1), a corporation may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or delivering the "summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Under North Carolina law, a "proper person" may serve a corporation through one of four means:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

6

      d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

*See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(a-d); *see also Lucas v. Volt Workforce Sols., Inc.*, No. 5:24-CV-635-FL, 2025 WL 1095363, at *1–2 (E.D.N.C. Apr. 11, 2025) (identifying the four 4 methods set forth in Rule 4(j)(6) as the ways a summons and complaint may be served on a corporation under North Carolina law).

Here, Plaintiff attempted to himself serve the Summons and Complaint on LinkedIn by certified mail, addressing the package to "LinkedIn Corporation," without naming a specific officer, director, or agent to be served. Doc. No. 14.  Similarly, the image of the envelope Plaintiff mailed to Twitter shows he addressed the envelope to "Twitter, Inc."—not to an officer, director, or managing agent or an authorized agent for service of process. *See* Doc. No. 16 at 2. Therefore, proper service has not been made, and the Court cannot exercise personal jurisdiction over these Defendants.

Further, even if the Court could accept Plaintiff's attempt at service, the Complaint falls well short of stating any plausible claim against the Defendants. Plaintiff's Complaint alleges claims for violation of "18 U.S. Code § 1014 - False Statements;" "18 U.S. Code § 1344 - Bank Fraud;" "18 U.S. Code § 1031 - Major Fraud Against the United States;" and "18 U.S. Code § 1956 - Laundering of Monetary Instruments China Owned I Shell Companies." Doc. No. 1 at 3. However, these are all criminal statutes that do not provide a private cause of action, so Plaintiff has not stated a valid claim under any of the statutes (nor could he). *See Holmes v. MBNA Am. Bank*, N.A., No. 5:05-CV-16, 2007 WL 952017, at *1 (W.D.N.C. Mar. 27, 2007) ("18 U.S.C. § 1344 is a criminal statute and provides no private right of action."); *Riley v. United States Bankr.*

*Ct.*, No. CV 3:22-409-SAL-SVH, 2022 WL 4181040, at *2 (D.S.C. Mar. 15, 2022), report and recommendation adopted, 2022 WL 3097922 (D.S.C. Aug. 4, 2022) (holding that 18 U.S.C. § 1956 and 18 U.S.C. § 1014 "do not provide any private remedy for citizens to invoke in a civil suit, as they are bare criminal statutes, with absolutely no indication that civil enforcement of any kind is available to anyone." (citation modified)); *Reaves v. Dickens*, No. 4:22-CV-0639-TLW-TER, 2022 WL 1120366, at *2 (D.S.C. Apr. 14, 2022) (holding that 18 U.S.C. § 1031 does not "provide[] a private right of action or civil remedies"). Indeed, Plaintiff admits he has no right to assert those claims: "I acknowledge and completely understand I am not the federal government to bring cases under Title 18 or under the 9 False Claims Act." Doc. No. 16 at 1.

Further, even if these statutes allowed a private right of action, the Complaint lacks facts sufficient to plausibly allege those claims. As described above, Plaintiff's allegations are conclusory, alleging only that the Defendants were engaged in "fraud schemes with China" and Plaintiff's account was banned on LinkedIn, without further detail as to the nature of the fraud or how it harmed Plaintiff (other than with respect to his LinkedIn account). The demands for "$50M," to "transfer entities, bank accounts, and stock ownership for all live and physical locations" and other relief are similarly unexplained. Thus, the Complaint plainly lacks factual substance, is legally frivolous and cannot proceed. *See Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001) ("The presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint cannot support the legal conclusion" alleged or relief sought.).

# IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Block, Inc., Tidal Music AS, and LinkedIn Corporation's Motions to Dismiss (Doc. Nos. 4, 25) are **GRANTED;**

2. Plaintiff's claims against Twitter, Inc. are **DISMISSED**;

3. Plaintiff's Motions for Default Judgment against LinkedIn Corporation and Twitter, Inc. (Doc. Nos. 15, 16) are **DENIED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 26, 2026

Kenneth D. Bell
United States District Judge